**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 1806002279 |
| | ) | |
| DAHMIERE MOODY, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:  November 4, 2022
Date Decided:  December 20, 2022

**ORDER**

Upon consideration of Defendant's "Motion for Modification/Correction of Illegal Sentence" ("Motion");[1] Superior Court Criminal Rule 35; the facts, arguments, and legal authorities set forth in Defendant's Motion; statutory and decisional law; and the record, in this case, **IT APPEARS THAT:**

1.       Pursuant to a plea agreement, Defendant pled guilty to Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"), Assault Second, and Assault Third on January 31, 2019.[2] Defendant was sentenced on June 21, 2019, as follows: for Assault Second, 8 years at Level V, suspended after 3 years, for 5 years at Level IV, suspended after 9 months,[3] for 2 years at Level III; for PDWDCF, 2 years at Level V; and for Assault Third, 1 year at Level V, suspended for 1 year at

---

[1] D.I. 32.
[2] D.I. 13.
[3] Hold at supervision Level V until space is available at supervision Level IV DOC Discretion. D.I. 23.

Level III.[4]

2.      Defendant filed a Motion for Modification of Sentence on August 13, 2019.[5]  By Order dated October 1, 2019, the Court denied Defendant's Motion.[6]  In denying the motion, the Court noted that it did not have the authority to modify the mandatory portion of Defendant's sentence and found that the sentence imposed was appropriate for the reasons stated at sentencing.[7]

3.      On August 22, 2022, Defendant filed the instant motion.[8]

**Defendant's Rule 35(a) Claim**

4.      Defendant claims he is entitled to a sentence correction because his sentence is illegal.  Superior Court Criminal Rule 35(a) governs motions for correction of an illegal sentence.  Pursuant to the rule, "the court may correct an illegal sentence at any time."[9]  A sentence is illegal under Rule 35(a), if it:

> exceeds statutor[y] . . . limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[10]

---

[4] *Id.*
[5] D.I. 24.
[6] D.I. 25.
[7] *Id.* at 3.  At sentencing, the Court noted the violent and "extremely serious" nature of the crimes and the impact of Defendant's conduct on the victims.  D.I. 27.  The Court weighed those aggravating factors against a number of mitigating factors, such as Defendant's lack of criminal history, poor familial support, homelessness, and mental health concerns.  *Id.*
[8] D.I. 32.
[9] Super. Ct. Crim. R. 35(a).
[10] *State v. Yarborough*, 2020 WL 502386, at *3 (Del. Super. Jan. 30, 2020) (citing *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (internal quotations omitted).

Rule 35(a) serves a narrow function: only allowing the Court to correct illegal sentences, "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence."[11]

5.      Defendant argues that his sentence is illegal because the State breached their plea agreement.  The alleged breach arises out of a pre-trial proceeding; therefore, Defendant's claim is not within the scope of Rule 35(a).[12]

6.      Even assuming *arguendo* that Defendant's claim falls within the scope of Rule 35(a), his argument is without merit.  Pursuant to the plea agreement between Defendant and the State, Defendant pled guilty to PDWDCF, Assault Second, and Assault Third.  In exchange, the State entered a *nolle prosequi* as to the remaining charges[13] and requested no more than five years of unsuspended Level V time at sentencing.[14]  In his Motion, Defendant states that he has an active warrant for Offensive Touching, which, he argues, is one of the charges the State agreed not to prosecute.[15]  Defendant argues that the open warrant is evidence that the State breached the plea agreement, thus, making his sentence illegal.[16]

---

[11] *Brittingham*, 705 A.2d, at 578.

[12] *See e.g.*, *Brown v. State*, 2014 WL 1370277, at *1 (Del. Apr. 4, 2014) (finding that the Superior Court did not abuse its discretion in denying the appellant's motion for correction of sentence where his claim was actually alleging that the State breached a plea agreement.)

[13] *Id.*; *see generally*, D.I. 13.

[14] *Id.*

[15] D.I. 32, at 2.

[16] *Id.*

7.      Defendant's sentence is not "illegal,"[17] and the record establishes that the State complied with the terms of the plea agreement. While there is an active warrant for Defendant for Offensive Touching,[18] that offense is not listed in the original indictment,[19] nor is there anything contained within the plea agreement referring to that charge.[20] Further, there is nothing in the written plea agreement indicating that the State agreed to ask the Court to rescind Defendant's active warrant for Offensive Touching as part of the plea. Defendant's argument is premised on an active warrant for a charge that was not part of his plea agreement, for which he was not convicted, and for which he was not sentenced. Defendant does not allege that the sentence imposed by the Court is ambiguous or contradictory; that it is violative of double jeopardy; that it exceeds statutory limits; or that it is unjustified by conviction. Accordingly, Defendant is not entitled to relief under Rule 35(a).[21]

## Defendant's Rule 35(b) Claim

8.      Defendant asks the Court to suspend his Level IV sentence so he can begin the Level III portion of his sentence.[22] In support of this claim, Defendant cites (1) the "recent spike in Covid-19 in Level 4 facilities" as a hindrance to his transition and job growth; (2) his desire to care for his disabled grandmother; (3) a

---

[17] D.I. 32, at 2.
[18] Warrant No. 3018003627. D.I. 34.
[19] D.I. 32, at 2.
[20] D.I. 34.
[21] *Id.*
[22] D.I. 32, at 3.

4

positive change in familial support; and (4) prospective employment on release.[23]

9. Rule 35(b) governs motions for modification or reduction of sentence. Under Rule 35(b), "[t]he Court may . . . reduce the . . . term or conditions of partial confinement or probation, at any time." [24] The Court will not consider repetitive requests for reduction or modification of sentence. [25]

10. Although, Defendant's Motion is not subject to a time-bar because he seeks to modify the Level IV portion of his sentence, this is Defendant's *second* request to modify his sentence under Rule 35(b),[26] and therefore the Motion is procedurally barred as repetitive.

11. Defendant's sentence for PDWDCF, Assault Second, and Assault Third is appropriate for all the reasons stated at the time of sentencing.[27] No additional information has been provided to the Court to warrant a correction or modification of this sentence.

---

[23] *Id.* at 2. In his Motion, Defendant asserts that he was sentenced to Level IV after he informed the Court that he was homeless and unemployed. *Id.* The record does not support Defendant's assertion. Instead, in delivering its sentence for Assault Second Degree, the Court stated,

> The reason for the lengthy probation is, I want to make sure when you transition into the community that you have stability, stability in your mental-health issues, stability in housing. And I think, given the nature of the crimes, it requires a significant period of community supervision. I'm also imposing that length of probation because I'm very concerned about the safety of the victims." D.I. 27, at 20:1-8.

[24] Super. Ct. Crim. R. 35(b).
[25] *Id.*
[26] *See* D.I. 24.
[27] D.I. 27.

**Conclusion**

**NOW, THEREFORE, IT IS HEREBY ORDERED** for the foregoing reasons,

Defendant's "Motion for Modification/Correction of Illegal Sentence" is **DENIED**.


                                   /s/ Jan R. Jurden
                                Jan R. Jurden, President Judge


Original to Prothonotary:
cc:    Dahmiere S. Moody (SBI# 00713360)
       Luke Raber, DAG